**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANDREW WELHOUSE,
　　　　　　　Appellant,

　　　　v.

DEPARTMENT OF AGRICULTURE,
　　　　　　　Agency.

DOCKET NUMBER
CH-0752-12-0387-I-2

DATE: August 19, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

John Durishan, Esquire, Atlanta, Georgia, for the appellant.

Patricia Ann McNamee, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review. We VACATE the initial decision, except to the extent that we AFFIRM the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's finding that the appellant failed to nonfrivolously allege that he was coerced into retirement because the agency discriminated against him based on sex and age, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      On December 15, 2009, the agency advised the appellant that he would be permanently reassigned from his GS-11 Farm Loan Officer position in Juneau, Wisconsin, to the same position and pay grade in Viroqua, Wisconsin, effective January 31, 2010. Initial Appeal File, MSPB Docket No. CH-0752-12-0387-I-1 (IAF I-1), Tab 8 at 12-13. According to the appellant, Viroqua is approximately 145 miles from Juneau. IAF I-1, Tab 1 at 8. The agency advised the appellant that he may be separated from federal service if he declined the reassignment, but that, under those circumstances, he may be entitled to a discontinued service retirement. IAF I-1, Tab 8 at 12. On December 17, 2009, the appellant e-mailed agency management officials indicating that he would not be 50 years old, and would therefore be ineligible for a discontinued service retirement, until approximately 6 months after his reassignment. Initial Appeal File, MSPB Docket No. CH-0752-12-0387-I-2 (IAF I-2), Tab 4 at 24. He stated that he was "giv[ing] serious consideration to declining [the] reassignment" because it imposed a "significant hardship," and asked whether it would be possible to delay the effective date of his reassignment so that he would be eligible to collect "an immediate (reduced) annuity." *Id.* Then, on January 7, 2010, the agency cancelled the December 15, 2009 directed reassignment notice. IAF I-1, Tab 8 at 16.

¶3      On June 10, 2010, the agency issued a new letter, advising the appellant that he would be permanently reassigned from Juneau to Viroqua, effective August 15, 2010.[2] *Id.* at 17-18. The appellant failed to report for duty in Viroqua

---

[2] The appellant reached age 50 on July 26, 2010. *See* IAF I-1, Tab 8 at 29 (Box 3).

on the date specified, so the agency charged him with being absent without leave and thereafter proposed his removal for refusing the directed reassignment. IAF I-1, Tab 1 at 12-13, Tab 11 at 37. On October 19, 2010, the agency approved the appellant's retirement, retroactive to August 15, 2010, before issuing a decision on the proposed removal. IAF I-1, Tab 8 at 29.

¶4　　The appellant subsequently filed an appeal with the Board, alleging that his retirement was involuntary. IAF I-1, Tab 1. He requested a hearing. *Id.* at 2. He did not dispute the agency's contention that his reassignment was necessary because the Juneau office was closed pursuant to a reorganization; however, he asserted that the agency had no legitimate business reason to reassign him to Viroqua and could have instead reassigned him to its office in Fond du Lac, Wisconsin, which was within his commuting area. *Id.* at 8-11. He contended that the agency's failure to reassign him to Fond du Lac constituted discrimination based on age and sex. *Id.*; IAF I-2, Tab 4 at 11.

¶5　　The administrative judge dismissed the appellant's appeal for lack of jurisdiction, without holding the requested hearing, finding that the appellant failed to make a nonfrivolous allegation that his retirement was involuntary. IAF I-2, Tab 5, Initial Decision (ID). The administrative judge made no finding as to the timeliness of the appellant's appeal, although the agency moved to dismiss the appeal as untimely filed. ID at 7.

¶6　　The appellant has filed a petition for review, again alleging that the agency's decision to reassign him was motivated by age and sex discrimination and was not based on bona fide management considerations. Petition for Review File, MSPB Docket No. CH-0752-12-0387-I-2 (PFR File), Tab 1.

The appellant has not shown that he was coerced into retirement because the agency allegedly engaged in discriminatory conduct.

¶7　　At the jurisdictional stage, the Board may only consider allegations of discrimination under Title VII in connection with an involuntary retirement appeal, insofar as they relate to the issue of voluntariness. *Markon v. Department*

*of State*, [71 M.S.P.R. 574](#), 578-80 (1996).  That is, the Board may consider evidence of discrimination to the extent that it demonstrates that an agency's discriminatory conduct created working conditions which were so difficult that any reasonable employee would have felt coerced to resign or retire.  *Id.*  For the reasons discussed below, we find the appellant's discrimination argument wholly insufficient to constitute a nonfrivolous allegation that his retirement was involuntary because he was coerced to retire.

¶8        In support of his argument, the appellant notes that a younger female employee was assigned to the Farm Loan Officer position in Fond du Lac, although he repeatedly expressed interest in, and was qualified for, the position. PFR File, Tab 1 at 13.  The appellant also states that Viroqua is within the other employee's commuting area[3] and that Fond du Lac is outside her commuting area, suggesting that the agency's choice to reassign both of them outside of their respective local commuting areas was illogical and, therefore, a pretext for discrimination.  *Id.* at 9; IAF I-1, Tab 5 at 12.  Like the appellant, the employee was reassigned to a position outside her commuting area when the agency closed the office where her duty station was located.  IAF I-2, Tab 4 at 45.  The fact that a younger female was treated similarly to the appellant negates his discrimination claim.  *See Russell v. Department of Justice*, EEOC App. No. 0120064049, 2006 WL 3697905 at *1 (Dec. 5, 2006) (affirming a finding of no discrimination where the individual the complainant cited as a comparator was not similarly-situated to her and the record contained evidence that individuals outside of the complainant's protected class were treated similarly under like circumstances).[4]

---

[3] This appears to be in dispute.  The younger female employee states that Viroqua is "approximately 90 to 120 minutes" away from her former duty station.  IAF I-2, Tab 4 at 46.  For the purpose of this decision, we assume, without deciding, that the appellant is correct.

[4] In addressing the appellant's discrimination claim, we have cited to EEOC decisions. This is proper because the Board may defer to the EEOC concerning issues of

¶9    The appellant also argues that the agency's explanation for his reassignment to Viroqua—that the Fond du Lac office was better suited for the aforementioned younger female employee, who had fewer years of experience than the appellant, because it had a strong on-site management team—is a pretext for age and sex discrimination because the agency initially "informally offered" the position to an employee with 25 years of experience. PFR File, Tab 1 at 14. This employee is a male and is approximately 10 years older than the appellant. IAF I-2, Tab 4 at 35. Thus, the appellant's reliance on him also negates his discrimination claim because if, as the appellant contends, the agency offered the Farm Loan Officer position in Fond du Lac to an older male, this would suggest the absence of any discriminatory animus towards older and/or male employees. *See McCreary v. Defense Logistics Agency*, EEOC App. No. 0120070257, 2008 WL 1847390 at *4 (Apr. 14, 2008) (complainant's citing to an individual within his protected class who received more favorable treatment than he did created an inference that his protected class did not play a role in the agency action he alleged was discriminatory). We also note that the appellant has not disputed evidence in the record indicating that the agency (1) reassigned a Program Technician who was approximately 55 years old to the Fond du Lac office, which was within her local commuting area, and (2) reassigned two additional employees who were significantly younger than the appellant, one of whom was female, outside of their commuting areas, all of which further negates the appellant's discrimination claims. IAF I-2, Tab 4 at 20, 36; *see McCreary*, 2008 WL 1847390 at *4.

¶10    Based on the foregoing, we AFFIRM the administrative judge's finding that the appellant's argument that his retirement was involuntary because he was coerced to retire due to age and sex discrimination does not constitute a nonfrivolous allegation of Board jurisdiction. *See* ID at 6.

---

substantive discrimination law. *See, e.g.*, *Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 7 (2012).

<u>The appellant has nonfrivolously alleged that his reassignment outside of his commuting area was not based on bona fide management considerations.</u>

¶11    When a retirement involves a directed reassignment, the Board has held that the involuntariness of the retirement may be established by showing that the reassignment had no solid or substantial basis in personnel practice or principle. *Caveney v. Office of Administration*, 57 M.S.P.R. 667, 670 (1993).    A reassignment must be "properly ordered due to bona fide management considerations in the interest of promoting the efficiency of the service." *Miller v. Department of the Interior*, 120 M.S.P.R. 426, ¶ 11 (2013).    Although an agency may exercise its management discretion to reassign its employees as necessary for the efficiency of the service, it may not use its discretionary reassignment authority as a veil to improperly pressure an employee to retire or resign. *Caveney*, 57 M.S.P.R. at 670; *see McClelland v. Andrus*, 606 F.2d 1278, 1291 (D.C. Cir. 1979) (an agency must establish that a reassignment promotes the efficiency of the service, and the fact that an agency articulates a rational basis for a reassignment "does not eliminate the possibility that the transfer was a sham way of achieving a predetermined result").

¶12    The appellant alleges that his reassignment to Viroqua was not based on bona fide management considerations, but rather, on agency management's desire to make his reassignment as "difficult as possible." PFR File, Tab 1 at 15.    He contends that the agency "intentionally inconvenienced and badgered [him] by reassigning him to an office outside of his commuting area to coerce him into retirement." *Id.* at 16.    In support of this claim, he references the affidavit[5] of his

---

[5] Although the former second-level supervisor affirms that the information contained in his affidavit is "true and complete," it is not made under penalty of perjury. IAF I-1, Tab 11 at 38.    However, we have considered it as documentary evidence which supports the appellant's allegation of Board jurisdiction. *See Alford v. Department of the Army*, 47 M.S.P.R. 271, 274 (1991) (the appellant submitted documentary evidence to support her allegation of Board jurisdiction and the Board thus found that the administrative judge erred in making factual findings concerning the weight of the evidence submitted by both parties because such determinations should not have been made until after a hearing).

former second-level supervisor, who was "present at meetings where relocations were discussed." IAF I-1, Tab 11 at 35-36. The former second-level supervisor states his belief that agency officials "did not transfer the [appellant] to the Fond du Lac office because they wanted to make [his] transfer as difficult as possible" and that the appellant "could have been transferred within his local commuting area if [agency officials] wanted to work with him." *Id.* at 36-37. He further states that the Farm Loan Manager in Fond du Lac, "had a personality conflict with" the appellant, noting that this should not constitute "an adequate justification to force the [appellant] to retire." *Id.* at 38.

¶13  We find that the foregoing constitutes a nonfrivolous allegation of Board jurisdiction over the appellant's involuntary retirement appeal and that the appellant is therefore entitled to a jurisdictional hearing if his appeal was timely filed. *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 23 (2004). We therefore remand this appeal for further adjudication.

## ORDER

For the reasons discussed above, we REMAND this case to the Central Regional Office for a jurisdictional hearing, and further adjudication if appropriate, in accordance with this Remand Order. On remand, the administrative judge should address the agency's motion to dismiss the appellant's appeal as untimely filed. *See* IAF I-1, Tab 8 at 10-11.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.